UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA JOHNSON and<br>MARCHELL JOHNSON,<br>      Plaintiffs | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:09-cv-3883 |
| GLOBAL CREDIT AND COLLECTION<br>CORPORATION,<br>      Defendant | § § § § | JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Monica Johnson and Marchell Johnson, Plaintiffs in the above-numbered and styled case, complaining of and against Global Credit and Collection Corporation and for cause of action would respectfully state the following:

### I. INTRODUCTION

1. This is an action for damages brought by individual consumers alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001, *et. seq*. (hereinafter "TDCA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.40 *et. seq.* (hereinafter "DTPA"), which prohibits deceptive acts or practices in the conduct of any trade or commerce.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction for the state law claim is afforded by 28 U.S.C. § 1367.  Venue in this district is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

## III.  PARTIES

3.  Plaintiff, Monica Johnson, is an individual residing in Houston, Harris County, Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

4.  Plaintiff, Marchell Johnson, is an individual residing in Houston, Harris County, Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

5.  Defendant Global Credit and Collection Corporation (hereinafter "GCCC"), is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located at 300 International Drive, Suite 100, Buffalo, New York 14221-5783.  The principal purpose of GCCC is the collection of debts using the telephone and mail, and defendant GCCC regularly attempts to collect debts alleged to be due another.  Defendant is registered with the Secretary of State in Texas and may be served with process through its registered agent, CT Corporation System located at 350 N. Saint Paul Street, Dallas, Texas 75201-4240.

6.  Defendant GCCC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), and the TDCA, Tex. Fin. Code § 392.001(6).

## IV.  FACTUAL ALLEGATIONS

7.  Several years ago, Plaintiff Monica Johnson incurred a financial obligation through a payday loan that was used primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Tex. Fin. Code § 392.001(2).

8.  Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant to collect from Plaintiff.

### *Collection Call to the Workplace*

9.   On or about August 5, 2009, Defendant GCCC, through its employee, agent and collector, Marshall Walker, contacted Plaintiff Monica Johnson by telephone at her workplace in an effort to collect this debt.

10.   Defendant left a voice message for Plaintiff Monica Johnson indicating that he had a summons for her on a case filed under cause number 100152.  Defendant indicated he would be serving Ms. Johnson at her home or office.  Finally, Defendant left a call-back number of 800-859-8704.

### *Threat of Arrest Alleging Hot Check Charges*

11.   Immediately after receiving Defendant's message, Plaintiff Monica Johnson called Defendant.  Plaintiff's call was put through to Defendant GCCC, through its employee, agent and collector Richard Riley.

12.   After requesting Plaintiff's name and social security number, Mr. Riley had Plaintiff hold on the line while he purportedly carried on a conversation with another person.  He called out for a woman named "Stephanie" and asked her to pull Plaintiff's file.  Mr. Riley told Stephanie that she might not be able to find Plaintiff's file because it was sent over to a lawyer's office that same morning.  Mr. Riley then thanked Stephanie.

13.   Mr. Riley then resumed the conversation with Plaintiff Monica Johnson.  He explained that he had a warrant issued for her arrest in Harris County on a hot check charge for a check written to Cashnet USA.

14.   Plaintiff inquired whether Defendant is a debt collector.  In response, Defendant said the company is not a debt collector, rather it is an investment firm.

15.   Defendant informed Plaintiff that she owes approximately $1,000.00, but that a warrant for her arrest had already been issued.

16.   Plaintiff requested that Defendant provide her with the court number so that she could take care of the matter by contacting the court directly.  In response, Defendant

said he did not have the court number and claimed that Defendant's lawyers would have the court number.

17. Plaintiff then requested to speak with the lawyers. In response, Defendant told Plaintiff that she was getting ahead of herself. Mr. Riley put another of Defendant's collectors, "Mr. Johnson" on the call. Mr. Johnson reiterated that a warrant had been issued for Plaintiff's arrest. He also stated that the Defendant's lawyers were not in the office and were generally very difficult to reach.

18. Plaintiff continued to insist that Defendant allow her to speak with the lawyers so that she could obtain more information about the case filed against her. Defendant abruptly ended the conversation by hanging up the call.

### Plaintiff's Call to the Harris County Jail

19. Following the telephone call with Defendant, Plaintiff suffered anxiety and felt nervous.

20. Out of fear that she would be arrested, Plaintiff contacted the Harris County Jail hotline to learn more about the purported warrant that had been issued for her arrest.

21. Plaintiff was informed that the Harris County Jail hotline did not have any information that matches her name or social security number. Plaintiff was advised to call the Hot Check Division of Harris County.

22. Plaintiff contacted the Hot Check Division of Harris County and was informed that they had no information about a warrant for her arrest.

23. The telephone calls between the parties and from Plaintiff to Harris County authorities took place while Plaintiff was at her workplace.

### Threat of Coming to Plaintiff's Residence

24. On or about August 14, 2009, Defendant left a voice message on Plaintiffs' home telephone answering machine.

25. In the message, Defendant states:

> "Good afternoon. This message is intended for a Monica Johnson. Monica, I am making my way towards your area now. I do need a signature here on the summons. I'm over here by a truck stop finishing up my coffee, and then I'll be stopping by. If you have any questions or concerns, I advise you contact this number immediately. 1-800-859-8704 pertaining to case number 100152. Other than that Ms. Johnson, I'll see you in the next couple of hours or so. Thank you."

26. At the time that the message was left on Plaintiffs' home answering device, Plaintiff's four daughters were home on summer vacation. Plaintiff's daughters were concerned that Defendant was en route to their home. Unable to reach their mother, Plaintiff Monica Johnson by telephone, the girls telephoned Plaintiff Marchell Johnson.

27. Plaintiff Marchell Johnson received a call from Plaintiff's daughter while he was tending to his ailing mother at the hospital. Plaintiff's daughter was crying. She explained that Defendant had left a voice message indicating that someone was on the way to arrest her mother. Plaintiff Marchell Johnson heard the voice message over the phone and instructed the girls not to answer the door.

28. Unable to reach Plaintiff Monica Johnson by telephone, Plaintiff Marchell Johnson left his ailing mother's bedside at St. Joseph Medical Center to tend to Plaintiff's daughters.

29. Upon arrival at his home, Plaintiff Marchell Johnson received a phone call from his wife, Plaintiff Monica Johnson. An argument ensued between the Plaintiffs.

30. Plaintiff Monica Johnson left work early to wait for Defendant's collector, Marshall Walker.

### *Defendant Failed to Provide Required Notices*

31. Defendant has failed to provide Plaintiff with notice that GCCC is a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

32. Defendant has failed to provide Plaintiff with any written notice regarding the debt it was collecting.

*Summary*

33. The above-described collection communications made to Plaintiffs by Defendant GCCC were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(3), 1692c(b), 1692d, 1692e(11) and 1692g, and multiple provisions of the TDCA, including but not limited to Tex. Fin. Code §§ 392.302(4) and 392.304(5) amongst others.

34. Plaintiff Monica Johnson has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

35. Plaintiff Marchell Johnson has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration and upset, amongst other negative emotions.

**V.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT**

36. Plaintiffs incorporate paragraphs 1-35 above.

37. Defendant GCCC violated the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

38. Defendant GCCC violated the FDCPA by failing to provide meaningful disclosure of Defendant's identity in violation of 15 U.S.C. § 1692d(6).

39. Defendant GCCC violated the FDCPA by falsely representing the legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A).

40. Defendant GCCC violated the FDCPA by representing that nonpayment of a debt will result in the arrest of Plaintiff Monica Johnson in violation of 15 U.S.C. § 1692e(4).

41. Defendant GCCC violated the FDCPA threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

42. Defendant GCCC violated the FDCPA by falsely representing that Plaintiff Monica Johnson committed a crime in violation of 15 U.S.C. § 1692e(7).

43. Defendant GCCC violated the FDCPA by using false representation or deceptive means to collect a debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

44. Defendant GCCC violated the FDCPA by failing to provide Plaintiff with a written notice containing the amount of the purported debt, the name of the creditor and a statement of the consumer's right to request validation or verification in violation of 15 U.S.C. § 1692g(a).

45. Defendant GCCC violated the FDCPA by failing to disclose to Plaintiff that its communications were from a debt collector in violation of 15 U.S.C. § 1692e(11).

46. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

### VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT AND THE TEXAS DECEPTIVE TRADE PRACTICES ACT

47. Plaintiff incorporates paragraphs 1-35 above.

48. Defendant GCCC violated the TDCA by failing to disclose to Plaintiff that its communications were from a debt collector in violation of Tex. Fin. Code § 392.302(5)(B).

49. Defendant GCCC violated the TDCA by failing to clearly disclose the name of the person to whom the debt has been assigned or is owed when making a demand for money in violation of Tex. Fin. Code § 392.304(a)(4).

50. Defendant GCCC violated the TDCA by failing to make required disclosures in violation of Tex. Fin. Code § 392.304(a)(5).

51. Defendant GCCC violated the TDCA by misrepresenting the debt's status in a judicial or governmental proceeding in violation of Tex. Fin. Code § 392.304(a)(8).

52. Defendant GCCC violated the TDCA by represnting falsely the status or nature of the services rendered by the Defendant or the Defendant's business in violation of Tex. Fin. Code § 392.304(a)(14).

53. Defendant GCCC violated the TDCA by misrepresenting that the debt is being collected by an attorney in violation of Tex. Fin. Code § 392.304(a)(17).

54. Defendant GCCC violated the TDCA by using false representations or deceptive means to collect a debt or obtain information concerning Plaintiff Monica Johnson in violation of Tex. Fin. Code § 392.304(a)(19).

55. Defendant GCCC violated the TDCA by falsely accusing Plaintiff Monica Johnson of a crime in violation of Tex. Fin. Code § 392.301(a)(2).

56. Defendant GCCC violated the TDCA by threatening that Plaintiff Monica Johnson will be arrested for nonpayment of a consumer debt without proper court proceedings in violation of Tex. Fin. Code § 392.304(a)(5).

57. As a result of these violations of the TDCA, Defendant is liable to Plaintiffs for actual damages, statutory damages, injunctive relief, and costs and attorney's fees.

58. Because violations of the TDCA constitute deceptive trade practices under Tex. Fin. Code § 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 *et. seq*.  Furthermore, because the Defendant acted knowingly and/or intentionally, under the DTPA, Plaintiffs are entitled to treble damages.

## VII.  JURY DEMAND

59. Plaintiffs demand a jury trial.

## VIII.  PRAYER

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d) including fees in the event of appeal;

E. Treble damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), and

F. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Dana Karni
DANA KARNI
Karni Law Firm, P.C.
State Bar No. 24044379
SDTx ID 592484
4635 Southwest Freeway, Suite 610
Telephone: 713-552-0008
Facsimile:  713-454-7247
DKarni@TexasConsumerDebt.com

ATTORNEY FOR PLAINTIFFS